PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE E. GREENOUGH, | ) | |
| | ) | CASE NO. 4:16CV2622 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| AMERICAN STANDARD BRANDS, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** [Resolving ECF No. 2] |

*Pro se* Plaintiff Wayne E. Greenough filed this action against his former employer,

American Standard Brands.  Plaintiff alleges that he was involuntarily placed on Family Medical

Leave after being approved to receive short term disability insurance benefits.  Plaintiff also

alleges that he was terminated when he did not return to work after his statutory leave expired.

Plaintiff does not specify the relief he seeks.

## I.  Background

Plaintiff's Complaint (ECF No. 1) is very brief.  He indicates that he is disabled but does

not provide any information on the nature of his disability.  Plaintiff claims that Defendant hired

him as an IT specialist.  Plaintiff has attached several letters to the Complaint.  A letter dated

March 11, 2014, is addressed to Plaintiff from Prudential Insurance Company.  ECF No. 1-3.

The letter indicates that Plaintiff applied for, and was approved to receive, insurance benefits

under the American Standard Brands Short Term Disability plan.  *Id.* at PageID #: 6.  The letter

lists Plaintiff's last day of work as February 13, 2014.  *Id.*  The letter also indicates that

Plaintiff's insurance benefits started on February 20, 2014.  *Id.*  In addition, the letter indicates

(4:16CV2622)

that the insurance benefits would be provided through Plaintiff's employer.  *Id.*  Plaintiff's

insurance benefits coverage extended through June 2, 2014.[1]  *Id.*

Plaintiff alleges that on June 2, 2014, he received a letter from American Standard Brands

stating that his employment had been terminated due to exhaustion of his leave under the Family

Medical Leave Act ("FMLA").  ECF No. 1.  Plaintiff does not state whether he was attempting to

return to work on June 2, 2014.  Plaintiff claims that he did not request FMLA leave and was

only collecting short term disability insurance benefits.  *Id.*  Plaintiff states that on June 5, 2014,

American Standard Brands informed him that its short term disability policy is administered in

conjunction with FMLA leave.  *Id.*  Plaintiff alleges that he was awarded 26 weeks of short term

disability insurance, not the 12 weeks allotted under the FMLA.  *Id.*  Plaintiff does not specify

the legal claims he seeks to assert and does not indicate the relief he seeks.

## II.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364,

365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it is frivolous or

malicious, fails to state a claim on which relief may be granted, or if it seeks monetary relief

against a defendant who is immune from such relief.

---

[1]  Three additional letters that are attached to Plaintiff's Complaint indicate that
Prudential Insurance Company extended Plaintiff's benefits at least three times to end on
April 11, 2014 (ECF No. 1-4), May 15, 2014 (ECF No. 1-5), and June 2, 2014 (ECF No.
1-6).

2

(4:16CV2622)

In order to state a claim on which relief may be granted, a *pro se* complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

*See Hill v. Lappin,, 470-71 (6th Cir. 2010)* (holding that the dismissal standard articulated in

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007),

governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)).  The factual

allegations in the pleading "must be enough to raise a right to relief above the speculative level . .

. on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."

*Twombly*, 550 U.S. at 555.

### III.  Law and Analysis

A.   <u>Family Medical Leave Act</u>

As an initial matter, Plaintiff does not state a specific cause of action.  He indicates his

employer counted the time he was off work collecting short term disability benefits as FMLA

leave.  It is possible that Plaintiff intends to assert a claim for relief under the FMLA.

The FMLA, 29 U.S.C. § 2601 *et seq.*, provides for unpaid leave of up to twelve weeks in

a twelve-month period for employees with a serious medical condition.  29 U.S.C. § 2612(a)(1).

These twelve weeks of leave may be taken continuously in one block of time, or intermittently

when medically necessary.  29 U.S.C. § 2612(b)(1).  FMLA leave is generally unpaid leave, but

"[t]he Act encourages businesses to adopt more generous policies, and many employers have

done so." *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 84 (2002).  Congress

encouraged the enactment of such additional programs, noting that "[n]othing in this Act ... shall

be construed to discourage employers from adopting or retaining leave policies more generous

(4:16CV2622)

than any policies that comply with the requirements under this Act." *Id*. at 87.  When an

employer elects to offer such additional paid benefits, the employer is within its rights to count

such leave toward the twelve week FMLA guarantee, "[a]s long as these policies meet the Act's

minimum requirements[.]" *Id.*

Plaintiff appears to have been off of work from February 13, 2014 until his employment

was terminated on June 2, 2014, which exceeds the twelve week limit of FMLA protection.

American Standard Brands was permitted under the FMLA to run Plaintiff's FMLA leave period

concurrent with his collection of short term disability insurance benefits.  Nonetheless, the Court

recognizes that an employee may have a cause of action against his employer for interference

with FMLA rights if the employer improperly forces the employee to exhaust the statutorily-

entitled twelve weeks of leave when the employee does not have a job-restricting serious health

condition.  *See Wysong v. Dow Chem. Co.*, 503 F.3d 441, 449 (6th Cir. 2007); *see also Hicks v.*

*Leroy's Jewelers, Inc*., No. 98–6596, 2000 WL 1033029, at *3-4 (6th Cir. July 17, 2000).

Plaintiff, however, gives no information regarding the reason for his leave.  He has not suggested

a basis for the Court to find that his health condition was not sufficiently serious or job

restricting.

Plaintiff, therefore, has not stated a claim for relief under the FMLA.

B.  <u>Americans with Disabilities Act</u>

Plaintiff also alleges he is disabled.  To the extent that Plaintiff intended to assert a

claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., he has also

failed to state a claim.

4

(4:16CV2622)

Under the ADA, "employers are prohibited from discriminating against a qualified individual with a disability because of his or her disability in employment matters, such as hiring, advancement, and discharge." *Regan v. Faurecia Auto. Seating, Inc.*, 679 F.3d 475, 479 (6th Cir. 2012). A "qualified individual with a disability" is an individual "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds[.]" 42 U.S.C. § 12111(8). Both "disability" and "qualified individual" require further definition. Under the ADA, "disability" means "a physical or mental impairment that substantially limits one or more major life activities" of an individual. 42 U.S.C. § 12102(1)(A). "Major life activities" include, among others things, "walking, . . .lifting, [and] bending." 42 U.S.C. § 12102(2)(A). An individual is "otherwise qualified" for a position when that individual "can perform the essential functions[,]" or "fundamental job duties" of the position with or without reasonable accommodation. *Johnson v. Cleveland City Sch. Dist.*, 443 F. App'x 974, 985 (6th Cir. 2011).

Plaintiff does not meet even the basic pleading requirements for an ADA claim. The Court is aware that, at this stage, Plaintiff is not required to plead his discrimination claim with heightened specificity. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513-14 (2002). Nevertheless, Plaintiff must still provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff's Complaint never rises above the speculative level. *Id.* The Court is left to guess at basic elements of the claim. Plaintiff states he is disabled, but he does not provide any information about his alleged impairment. Without information about his impairment, there is no way to determine if the impairment substantially limits at least

5

(4:16CV2622)

one major life activity, or whether Plaintiff can perform the essential functions of his job with or without accommodation.

Plaintiff, therefore, has not met the basic pleading requirements to state a claim under the ADA.

### C. Other Legal Bases for Plaintiff's Claim

Finally, to the extent that Plaintiff intended to assert a claim other than one under the ADA or the FMLA, he failed to do so. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A Complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would require district courts "to explore exhaustively all potential claims of a *pro se* Plaintiff [and would] transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278.

Even liberally construed, Plaintiff's Complaint does not sufficiently state a claim for relief other than those already discussed above.

6

(4:16CV2622)

## IV.  Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

in good faith.


IT IS SO ORDERED.


 December 30, 2016                        /s/ Benita Y. Pearson              
Date                                        Benita Y. Pearson
                                        United States District Judge